# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-3303

_____

United States of America,        \*

                        \*

      Appellee,            \*

                        \*   Appeal from the United States

    v.                    \*   District Court for the

                        \*   Northern District of Iowa.

Michael James Kluge,      \*

                        \*     [UNPUBLISHED]

      Appellant.        \*

_____

Submitted: May 1, 2012
Filed: May 3, 2012

_____

Before MURPHY, ARNOLD, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Michael Kluge was sentenced to 30 years in prison after a jury found him guilty of conspiracy to manufacture 50 grams or more of actual methamphetamine; the trial included the testimony of the conspiracy leader and seven coconspirators that Kluge was part of a network of pseudoephedrine suppliers for the leader, who admitted involvement in at least 350 grams of actual methamphetamine, see United States v. Malloy, 614 F.3d 852, 855, 861-62 (8th Cir. 2010), cert. denied, 131 S. Ct. 3023 (2011). Kluge moved for a new trial under Federal Rule of Criminal Procedure 33 based on newly discovered evidence, undisclosed by the government, in the form of a lab report analyzing the drugs seized from one of Kluge's coconspirators. The

district court[1] denied the motion and Kluge appeals, arguing that the evidence could have been offered to show a general lack of purity of the methamphetamine the conspiracy produced.

Following careful review, we find no abuse of discretion. See United States v. Duke, 255 F.3d 656, 659 (8th Cir. 2001) (standard of review). To justify a new trial on the ground of newly discovered evidence, Kluge needed to prove (1) the new evidence was discovered after trial; (2) the failure to discover it before trial was not attributable to a lack of due diligence; (3) the evidence was material and not merely cumulative or impeaching; and (4) the new evidence would likely produce an acquittal upon retrial. See United States v. Huggans, 650 F.3d 1210, 1225 (8th Cir. 2011), cert. denied, 132 S. Ct. 1583 (2012). Even assuming the evidence in question was material, should have been disclosed by the government, and was discovered after trial through no lack of diligence, it was insufficient to warrant a new trial. See id. at 1225-26 & n.8; Malloy, 614 F.3d at 855, 861-62. Accordingly, we affirm.

_____

_____

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.